UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>     v.<br><br>**Marco Tulio SOLORZANO,**<br><br>           Defendant(s) | Magistrate Case No. 08 MJ 2044<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8 U.S.C., Sec. 1324 (a)(1)(A)(ii)<br>Transportation of Illegal<br>Aliens |

The undersigned complainant, being duly sworn, states:

On or about **July 4, 2008**, within the Southern District of California, defendant **Marco Tulio SOLORZANO** with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Eva FAVELA-Guzman, Guadalupe LEYVA-Bautista, and Itzel HERNANDEZ-Vargas** had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **7th** DAY OF **JULY 2008**

_____
William McCurine Jr
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Marco Tulio SOLORZANO

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

Furthermore, the complainant states that **Eva FAVELA-Guzman, Guadalupe LEYVA-Bautista, and Itzel HERNANDEZ-Vargas** are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On July 4, 2008, while assigned to traffic check duties at the State Route 94 Checkpoint in Jamul, California, Border Patrol Agent R. Olges was performing Primary Inspections. At approximately 6:00 a.m., a grey Jeep Cherokee pulled into the inspection area. Agent Olges observed that the driver and the front seat passenger seemed very nervous and that the vehicle had a large speaker box built into the rear cargo area. Agent Olges requested that the driver, later identified as the defendant Marco Tulio SOLORZANO, park the car in the secondary inspection area. The defendant complied and Agent Olges requested a canine sniff of the vehicle in the secondary inspection area.

Senior Patrol Agent D. Neckel approached the car as the defendant was getting out. At this time, Agent Neckel asked for and received consent from the defendant to perform a canine sniff on the vehicle. Agent Neckel and his service K9 Brutus are certified in the detection of the odors of the following narcotics: marijuana, cocaine, heroin and methamphetamines (and their derivatives), as well as the odor of concealed humans. Agent Neckel and Brutus-A performed a canine sniff on the 1996 Jeep Cherokee. As Agent Neckel presented the interior of the vehicle to Brutus, the canine alerted and jumped from the front seat to the rear seat and attempted to climb onto the speaker box. Canine Brutus then indicated on the speaker box.

Agent Neckel placed Brutus into his service vehicle and began to inspect the speaker box more thoroughly. The rear gate of the Jeep was non functional, hindering access to the speaker box. By lowering the rear seat, Agent Neckel was able to pull back the corner of the speaker box. At this time, Agent Neckel observed clothing inside the speaker box. Agents Neckel and Olges were then able to pull back more of the speaker box, thus revealing three subjects concealed inside. An immigration inspection was conducted on these three subjects, each of the three stated that they were citizens and nationals of Mexico who had illegally entered the United States. The defendant, his front seat passenger, and the three smuggled aliens were placed under arrest and taken into the checkpoint for processing.

CONTINUATION OF COMPLAINT:
Marco Tulio SOLORZANO

## DEFENDANT STATEMENT:

At approximately 11:05 AM, Agent Davila read the defendant Marco Tulio SOLORZANO his Miranda rights in the English language as witnessed by Agent Zacharko. The defendant said that he understood his Miranda rights and was willing to answer questions without an attorney present. The defendant stated that he crossed on foot through the Tecate, California Port of Entry between the United States and Mexico at 5:00 A.M. on July 4, 2008. The defendant stated that his uncle let him borrow his vehicle a (1996 Jeep Cherokee CA#5KML340 grey) that he had left near the Tecate, California Port of Entry. The defendant stated that he was going to drive it to his place of employment near downtown San Diego on 30th and "F". The defendant stated that he was going to work for a few hours and then head to Los Angeles to visit a sick family member.

The defendant stated that he was not going to be paid anything for this smuggling event. The defendant stated that he was not aware that there was anyone inside of the vehicle other than himself and his girlfriend. The defendant acknowledged his past three smuggling events. The defendant also admitted to smuggling six illegal aliens back in March 2008, and that his payment for that smuggling event was a girlfriend. The defendant stated that the vehicle was his uncle's and that he picked up the vehicle at Tecate, California as in the past two smuggling events. The defendant stated that he was angry with his uncle for "getting him in trouble with this mess" and using him when he was down in his luck.

## MATERIAL WITNESSES STATEMENTS:

Material witnesses **Eva FAVELA-De Guzman, Guadalupe LEYVA-Bautista, and Itzel HERNANDEZ-Vargas** agree in summary that they are citizens and nationals of Mexico illegally present in the United States. They admit to entering the United States illegally. The material witnesses stated that they were to pay $2,500.00 to $3,000.00 (US) to be smuggled into the United States.

Executed on July 5, 2008, at 11:30 p.m.

_____
Tomas M. Jimenez
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 2 page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **July 4, 2008**, in violation of Title 8, United States Code, Section 1324.

_____           7/05/08, 1246 hrs
William Mc Curine Jr.                Date/Time
United States Magistrate Judge